FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 JAN 10 PM 2:57

STEPHAN HARRIS, CLERK
CASPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ROGELIO MUNOZ RODRIGUEZ, JR., <br><br> Petitioner, <br><br> vs. <br><br> PARK COUNTY DETENTION CENTER and WYOMING ATTORNEY GENERAL, <br><br> Respondents. | Case No. 17-CV-004-S |

### ORDER DISMISSING WITHOUT PREJUDICE
### WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

This matter is before the Court upon a *pro se* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, by Rogelio Munoz Rodriguez, Jr., Petitioner. [ECF 1]. The Court, having reviewed the Petition, as well as the file herein, and being otherwise fully advised, FINDS the Petition should be dismissed without prejudice.

Petitioner is currently incarcerated at the Park County Wyoming Detention Center, apparently based on charges of delivery of controlled substances. [ECF 1, p. 1]. He appeared in the Circuit Court for the Fifth Judicial District, Park County, on November

29, 2016, and was bound over to district court. He alleges he thereafter filed in the Circuit Court a "Motion for Dismissal Pro se" (*sic*) on which he is yet to have a hearing. [ECF 1, p. 2].

The petition in this matter was filed after the effective date of the controlling statute, the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which requires a petitioner to offer affirmative proof he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA further states:

> A petitioner must exhaust all state remedies before seeking relief in federal court. An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

There has been no "judgment of a State court," no final judgement and sentence, as yet entered against Petitioner, thus the Court is without jurisdiction to consider his petition.

> [U]nder § 2254, we may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the

> Constitution or laws or treaties of the United States." As the Supreme Court instructed in *Burton v. Stewart*, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937)); *Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir.2007) ("[The Supreme Court's decision in] *Burton* makes clear that the writ [of habeas corpus] and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement. What this Court has previously called the judgment of conviction and the sentencing judgment *together* form the judgment that imprisons the petitioner."), cert. denied, 555 U.S. 1149, 129 S.Ct. 1033, 173 L.Ed.2d 315 (2009).

*Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009). *See also Prince v. Bailey*, 464 F.2d 544, 545(5th Cir. 1972) (petitioner awaiting trial in state court was not incarcerated pursuant to state court judgment).

It is also relevant to note the sole ground Petitioner asserts in support of his petition, *i.e.*, "violation of extradition rights," [ECF 1, p. 4], is not "a sufficient ground upon which to grant habeas corpus relief once the fugitive is present in the jurisdiction from which he fled." *Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007).

## ORDER

**IT IS THEREFORE HEREBY ORDERED** the Petition for Writ of Habeas Corpus by Rogelio Munoz Rodriguez, Jr. Petitioner is **DISMISSED without prejudice** for lack of jurisdiction.

Dated this 10th day of January, 2017.

SCOTT W. SKAVDAHL
UNITED STATES DISTRICT JUDGE